EDWARD A. PETTIGREW, Respondent, *v.* ST. LOUIS ORE AND STEEL COMPANY, Appellant.

### December 4, 1883.

MASTER AND SERVANT — NEGLIGENCE. — A master is not liable for an injury inflicted by a servant upon a fellow-servant, where the act which causes the injury is not within the scope of the servant's duty.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Reversed and remanded.*

HENRY HITCHCOCK, for the appellant.
A. A. PAXSON and A. R. TAYLOR, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action for damages for an injury received by the plaintiff, through the negligence of a fellow-servant in the employ of the defendant, under the following circumstances. The plaintiff was employed by the defendant to weigh steel on cars of the defendant, which cars were pushed or hauled upon the scales by a small locomotive engine. The engine was in charge of one Obenhaus, as engineer, assisted by a boy sixteen years old named Woods, as fireman. There was evidence tending to show that Woods had been allowed, on temporary occasions, by Obenhaus, and on one occasion by the defendant's assistant master mechanic, to have charge of the engine. It is a part of the plaintiff's case, as shown by his petition, that the defendant had been negligent in suffering an inexperienced boy to have charge of the engine, and, for the purpose of what we are about to decide, this may be conceded, though we do not wish to intimate an opinion that this was so in fact.

On the occasion in question, the engine was standing near the place where the plaintiff's duties required him to be. Obenhaus had got off on the right side, and Woods had got off on the left side, and had begun rubbing the engine. As soon as Woods saw Obenhaus on the other side of the engine, Woods jumped upon the engine and pulled the " pet-cock" for the purpose of *dousing* Obenhaus with a stream of cold water, in return for a similar prank which Obenhaus had played upon Woods. Unfortunately, instead of cold water, a jet of hot water came out of the " pet-cock," and struck the plaintiff in the left eye, injuring it to such an extent that he has entirely lost the use of it.

At the close of the plaintiff's case, the usual instruction was asked by the defendant, that under the pleadings and evidence, the plaintiff was not entitled to recover. This

instruction the court refused to give. This refusal, we are clear, was error. For the purpose of making more clear the single ground on which we place our judgment, we shall concede the negligence of the defendant in suffering a boy of sixteen years to have temporary charge of a locomotive engine. We shall also assume, what the defendant disputes, that the plaintiff was, at the time, where he might properly be. We shall, moreover, assume that the law is that a master is liable for a wanton or malicious act of his servant, if done within the general scope of the servant's employment. But it is, nevertheless, clear that the defendant is not liable, because the act was not done within the scope of Woods' employment. Woods was acting at the time entirely outside the matter of his employment, endeavoring to effect a purpose of his own, namely, the playing of a trick upon Obenhaus. There is no conceivable ground on which the defendant can be made liable, unless it is the law that the owner of movable property is liable for every possible injury which one in his employ may commit by the use of the property. Such is not the law. If three farm laborers were at work in a field, and two of them should get into a playful scuffle, and in the scuffle one of them should hit the third in the eye with a hoe, would any one say that an action for damages could be sustained against the farmer, merely because he was the owner of the hoe? And yet, such a conclusion in that case would not be any more absurd than the conclusion which makes the defendant liable in this. Moreover, there was no causal connection between the negligence of the defendant, if such there had been, in allowing the boy Woods to have occasional charge of the engine, and the accident which happened; since the evidence shows without dispute, that he was not in charge of the engine at the time when the accident happened, but that Obenhaus was in charge of it.

The judgment is reversed, and the cause remanded. All the judges concur.